UNITED STATES v. BARRETT et al.

(Circuit Court, S. D. Georgia, N. E. D.    April 11, 1911.)

1. CONTEMPT (§ 14*)—WHAT CONSTITUTES—ASSAULT ON ATTORNEY.

Where, after an action had been tried to a jury in a federal Circuit Court, and the jury retired to consider the case, two persons, interested in the corporation defendant, made an unprovoked assault on plaintiff's attorney, because of his argument, on the street, in full view of the jury room, they were guilty of contempt.

[Ed. Note.—For other cases, see Contempt, Dec. Dig. § 14.*]

2. CONTEMPT (§ 44*)—JURISDICTION TO PUNISH.

Where, after a trial of a case in a federal Circuit Court, and while the jury was considering their verdict, two persons, interested in the corporation defendant, made an assault on the plaintiff's attorney on the street, in full view of the jury room, the court, under its general jurisdiction to see that counsel practicing before it are not interfered with, had jurisdiction to punish such individuals for contempt.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 128–130; Dec. Dig. § 44.*]

Proceeding by the United States against Frank H. Barrett and Charles D. Reid for contempt.    Judgment against defendants.

Information was filed herein as follows:

In the Circuit Court of the United States for the Northeastern Division of the Southern District of Georgia.

To the Honorable Emory Speer, One of the Judges of the United States, Holding and Presiding in said Circuit Court:

Arthur H. Codington, Assistant Attorney of the United States for the Southern District of Georgia, who for the said United States in this behalf prosecutes, comes in person into said Circuit Court, on this the eleventh day of April, in the year of our Lord one thousand nine hundred and eleven, and for said United States gives the court here to understand and be informed as follows:

That on said 11th day of April, 1911, one Frank H. Barrett, of the county of Richmond, in said division and district, did in the city of Augusta, in said division and district, commit a willful and flagrant contempt of the authority and dignity of this honorable court, so near the presence of said court as to obstruct and prejudice the administration of justice therein, in the following manner: That on said 11th day of April a certain cause then and there pending in this court, to wit, the action at common law of H. Banks v. Barrett & Doughty, a corporation under the laws of Georgia, was being then and there tried before the Honorable Emory Speer, the judge presiding and holding said court, and the jury then and there impaneled and sworn and hearing said case; that one Wallace B. Pierce, of Richmond county, in said division and district, was then and there of counsel for the said H. Banks, the plaintiff in said case, and for the said plaintiff made the concluding argument before the said court and the said jury; that after hearing the charge of the court in said cause the said jury retired to the jury room to enter upon the consideration of the issues in said cause, and to make their verdict therein; that while said jury were deliberating in said jury room the said Frank H. Barrett, being then and there the secretary and treasurer of said defendant corporation, and financially interested therein, did then and there make a deliberate and willful assault and battery upon the said Wallace B. Pierce, and did strike and knock down the said Wallace B. Pierce in the open street upon which the said jury room of said court was then and there facing, and in the plain and open view of the said jury, and before the said jury had returned their verdict in said cause into said court; that said assault and battery was committed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the said Frank H. Barrett upon the said Wallace B. Pierce because of his connection with and conduct of said case in behalf of said plaintiff in this honorable court.

Wherefore, the said Arthur H. Codington, for and in behalf of the said United States, prays that this honorable court do issue an attachment as for a contempt against the said Frank H. Barrett, and do require the said Frank H. Barrett to show cause, if any he has, before this honorable court, why he should not be punished for a contempt of this honorable court as aforesaid.      Arthur H. Codington, Assistant United States Attorney.

The foregoing information read and considered:

It is ordered by the court that the same be filed. Ordered, further, that writ of attachment do issue as prayed. Ordered, further, that the said Frank H. Barrett do show cause before me at Augusta, Ga., on the 12th day of April, 1911, at 10 o'clock a. m., why he should not be punished as for a contempt. In the mean time that the said Frank H. Barrett be allowed to give bond in the sum of one thousand dollars for his appearance. Ordered, further, that a copy of this proceeding and order be served upon said Frank H. Barrett.

This April 11, 1911.      Emory Speer, United States Judge.

Further information was also filed as follows:

In the Circuit Court of the United States for the Northeastern Division of the Southern District of Georgia.

To the Honorable Emory Speer, One of the Judges of the United States, Holding and Presiding in Said Circuit Court:

Arthur H. Codington, Assistant Attorney of the United States for the Southern District of Georgia, who for the said United States in this behalf prosecutes, comes in person into said Circuit Court, on this the eleventh day of April, in the year of our Lord one thousand nine hundred and eleven, and for said United States gives the court here to understand and be informed as follows:

That on the said 11th day of April, 1911, one Charles D. Reid, of the county of Richmond, in said division and district, did in the city of Augusta, in said division and district, commit a willful and flagrant contempt of the authority and dignity of this honorable court, so near the presence of said court as to obstruct and prejudice the administration of justice therein, in the following manner:

That on said 11th day of April, a certain cause then and there pending in this court, to wit, the action at common law of H. Banks v. Barrett & Doughty, a corporation under the laws of Georgia, was being then and there tried before the Honorable Emory Speer, the judge presiding and holding said court, and the jury then and there impaneled and sworn and hearing said case; that one Wallace B. Pierce, of Richmond county, in said division and district, was then and there of counsel for the said H. Banks, the plaintiff in said case, and for the said plaintiff made the concluding argument before the said court and the said jury; that after hearing the charge of the court in said cause the said jury retired to the jury room to enter upon the consideration of the issues in said cause, and to make their verdict therein; that the said Charles D. Reid was an employé of said defendant corporation, and was present in court during the trial of said case, and the argument of said Wallace B. Pierce, and the charge of the court to the jury; that while said jury were deliberating in said jury room the said Charles D. Reid did aid and abet one Frank H. Barrett, then and there the secretary and treasurer of said defendant corporation, in making a willful and deliberate assault and battery upon the said Wallace B. Pierce, for that the said Charles D. Reid did, after the said Frank H. Barrett had struck and knocked down the said Wallace B. Pierce, assist the said Frank H. Barrett, by preventing any one of the crowd of bystanders, witnessing said assault and battery, from stopping and preventing the said battery and injury to the said Wallace B. Pierce; that said assault and battery was in the open street upon which the said jury room of said court was then and

there facing, and in the plain and open view of the said jury, and before the said jury had returned their said verdict in said cause into said court; that said assault and battery was committed by the said Charles D. Reid upon the said Wallace B. Pierce because of his connection with and conduct of said case in behalf of said plaintiff in this honorable court.

Wherefore, the said Arthur H. Codington, for and in behalf of the said United States, prays that, this honorable court do issue an attachment as for a contempt against the said Charles D. Reid, and do require the said Charles D. Reid to show cause, if any he has, before this honorable court, why he should not be punished for a contempt of this honorable court as aforesaid.          Arthur H. Codington, Assistant United States Attorney.

The foregoing information read and considered:

It is ordered by the court that the same be filed. Ordered, further, that writ of attachment do issue as prayed. Ordered, further, that the said Charles D. Reid do show cause before me at Augusta, Ga., on the 12th day of April, 1911, at 10 o'clock a. m., why he should not be punished as for a contempt. In the mean time that the said Charles D. Reid be allowed to give bond in the sum of one thousand dollars for his appearance. Ordered, further, that a copy of this proceeding and order be served upon the said Charles D. Reid.

This April 11, 1911.          Emory Speer, United States Judge.

Arthur H. Codington, Asst. U. S. Atty.
Wm. H. Fleming and Wm. H. Barrett, for defendants.

SPEER, District Judge (orally). I am frank to say that I was very much shocked by this incident. Our courts in this district have been for so many years conducted with such decorum and decency that the occurrences of yesterday were abnormal, and distressing to the presiding judge, exceedingly so. On reflection, counsel, and the public generally, will see how true and justifiable is such emotion in the breast of a judge, who is anxious to do his duty; and surely I can claim that much for myself.

[1] It is a constitutional privilege of parties to have counsel. In a criminal case no man can be convicted without the benefit of counsel. He therefore cannot be guilty, in view of the Constitution, until he has had the benefit of counsel. He has an equal constitutional right to the benefit of counsel in a civil case, not expressly, but by implication. It is a right which has come down to us from a time whereof the memory of man runneth not to the contrary. This right has created the noble profession of the law, and, while there are those who through motives of temporary resentment, or otherwise, occasionally impugn the usefulness of the profession, if we look at the halls of Congress, the rosters of our citizen soldiery, and the records of the achievements of our country on all lines, it will be seen, and clearly seen, that the profession of the law has certainly not been surpassed by any other in its devotion to the best interests of civilization. Now, all of this being true, the occupation of counsel must be uninterfered with by violence. He has the right to argue his client's case. If he violates the proprieties of the courtroom, and the attention of the court is called to it, he will be immediately stopped. If he is guilty of impertinent defamation, the courts are open by due process of law to the party defamed in order to recover righteous damages, and there would be no difficulty in maintaining such a case. It is not within the proper power of the

parties to the litigation to take the law into their own hands, and assault the counsel when they have been offended, or imagine that they have been offended. The counsel in a case is a minister of justice. He is the counselor of the court. Without his aid the court cannot get along. Can it be possible, then, in our country, that the court must regard as trivial an unprovoked assault upon counsel, who has done his duty as he saw it, upon a controversy which necessarily involved the question of the veracity of the contending parties, to deny him the right in a general way to insist that his client was truthful and that the other side was not truthful. This would be to deny the plaintiff his day in court, and to deny him due process of law. If the attorney was offensive, or if the party thought he was offensive, the means of redress is not by resorting to violence, but by appealing to the law of the land.

[2] As to the jurisdiction of the court, it is not questioned by counsel for the defendant here. So great a judge, and, if you please, so great a state's right jurist, as the late Associate Justice L. Q. C. Lamar, whose memory is venerated by every Southern man, and respected by every American, in his dissenting opinion in Re Neagle, 135 U. S. 1, 10 Sup. Ct. 658, 34 L. Ed. 55, declares:

"Nor do we question the general propositions that the federal government established by the Constitution is absolutely sovereign over *every foot of soil*, and over *every person*, within the national territory, within the sphere of action assigned to it, and that within that sphere its Constitution and laws are the supreme law of the land, and its proper instrumentalities of government can be subjected to no restraint, and can be held to no accountability whatever."

This hearing is within the sphere of the Constitution. That Constitution authorizes "the establishment of justice." A court, then, assisting in such establishment of justice, is bound to see to it that counsel unimpeded shall represent their clients in order that right may be plainly made to appear to the triors passing upon it. That is too plain for argument.

That these two defendants violated the law, and the respect due the authority of the court, is unquestioned. One of them, in sight of the jury, assaulted the defendant's counsel. However much Mr. Pierce may have attempted to defend himself, plainly the aggressor was Mr. Barrett. Mr. Reid aided and abetted in warning others off, as he himself admits in his testimony, and as substantially admitted by the verbal answer which he has filed. That is contempt of the court. I do not know but that it may be the duty of the court to set aside the verdict, for the reason that a verdict rendered when parties in sight of the jury fight over questions arising in the case is not in accordance with that serene, pure, and impartial administration of law which our country demands at our hands. All the anxiety, delay, expense, and trouble of this litigation may be gone over again, all due to this disregard of the law by Mr. Barrett.

Such conduct is plainly within the jurisdiction of the court; for the court had not only jurisdiction of the subject-matter, but jurisdiction of the parties before it. It cannot be said that Mr. Barrett was not a party before the court. This is true, and these excitable gentlemen,

who, I am informed, have been hurrahing around about the victory of Mr. Barrett, should bear in mind that perhaps the incident has done much injury to their business. If the farmers feel that their counsel will be treated in this manner within this beautiful city of Augusta, it will be well for the prudent to reflect on the possible results to business here. And it is also well to remember that this court has the power to protect its officers, wherever they may be, or wherever they may be assaulted on account of their conduct in this court, or in the discharge of their duties. I have no disposition to be severe on these young men. They are both young. They are probably both impetuous. They are certainly not well informed as to the duties of the court, and the extent of its authority.

This being true, the court will impose a very mild penalty upon them, not because they are prosperous, but because it has the disposition to do so. It gives them no advantage that it would not give the poorest man in the land. Probably a poor man might get off with a $5 fine, because that to him would be as great a penalty as that which the court feels obliged to impose on these gentlemen.

That is that Mr. Barrett pay a fine of $100, and Mr. Reid a fine of $50, and that they apportion the costs of this inquiry between them proportionately to the respective fines. And let us hear no more, gentlemen, of assaults upon attorneys for doing their duty in this court.