In the matter of the alleged contempt of THOMAS J. HAND.

[Decided December 2d, 1918.]

A party to a pending litigation against whom, in such litigation, there is pending an application to punish for contempt, who commits publicly, but without the presence of the court, an assault and battery upon a person supposed by him to be the individual who gave the information which resulted in the institution of the contempt proceedings and therefore who might be a material witness, is guilty of a contempt of court, although he was mistaken in the identity of the individual, the act being one having a tendency to interfere with and obstruct the due administration of justice.

On motion to punish for contempt.

*Mr. Arthur T. Vanderbilt*, for the motion.

*Mr. John A. Matthews, contra.*

LANE, V. C. (orally).

It is stipulated that the matter be now considered as if a writ of attachment had been issued to the sheriff and the respondent arrested and brought into court to answer for the alleged contempt set forth in the papers which preceded the granting of the order to show cause and the defence of the defendant is a general denial. The testimony that was taken upon the return of the order to show cause is to be considered as having been taken upon the return of the writ of attachment and the hearing as having been had under the two hundred and thirteenth rule.

In this case it appears that proceedings were taken in this court against respondent under what is commonly called the abatement statute. An order was issued requiring respondent to show cause why he should not be enjoined from continuing the nuisance complained of. The order restrained respondent from removing personal property from the building referred to in the pleadings. It was returnable October 7th. On that day on the hearing it developed that respondent, after notice of the

injunction, but before it was served, had removed from the building a large quantity of liquor and had stored it in another place. It was suggested that the respondent was guilty of a contempt of this court. After a colloquy between counsel and the court, counsel for respondent suggested that respondent return the liquor and asked time in order that he might determine whether in fact the liquor came within the scope of the injunction. I gave him until October 11th. It is fair to say that I announced that if the liquor was returned no further proceedings would be taken in the matter of the contempt. On October 8th I allowed an order returnable on the 11th why respondent should not be punished for contempt for removing the liquor. On October 9th respondent proceeded to search for the person who gave the information to complainant upon which complainant acted in obtaining from respondent evidence that he had removed the liquor. He thought he had found the individual in the person of an old scissors grinder, or knife grinder, some seventy years old, who runs a shop next door to respondent's saloon. The house in which the liquor was stored is next door to the scissors grinder's shop. Respondent taxed the old man with having given the information. The old man denied it. There was a heated conversation. I believe the testimony of the old man that respondent cursed and swore at him. Respondent, also, according to his own testimony, brought to the attention of the old man the fact that respondent had the renting of the premises and that he might take away his shop from the old man. He finally struck him. The act of respondent, I have concluded, was a contempt of this court. It has been held that an assault upon a witness, an assault upon a person, whether under subpœna or not, who is or is known or supposed to be a witness or will be a witness, is a contempt. *13 C. J. tit. "Contempt,"* § *51 p. 38.* The gravamen of the offence lies not in the assault, or in the injury to the individual, but in the tendency to interfere and obstruct the due administration of justice. There is no doubt but that if respondent had proceeded to the vicinity and had announced that if anyone testified against him in the then pending proceedings, he would commit an assault and battery on him, the act would constitute a contempt. What respondent did is tantamount in

its effect to that very thing. He thought he had found the person who had given information upon which this court had acted and he proceeded to assault him—a clear warning to anyone in the vicinity that if they testified against respondent or gave information against him they would suffer or might suffer the same fate. Respondent, therefore, will be adjudged guilty of a contempt of this court.

Now, with respect to the punishment: I am frank to say that when the facts were first brought to my attention, I concluded that if the testimony showed that an offence had been committed, I would send the respondent to jail and for a term not less than three months. I have changed my mind. While the fact that respondent did not know that what he was doing was a contempt of this court cannot excuse him, yet it may be taken into consideration in mitigation of sentence. While the fact that respondent was under the influence of liquor cannot excuse him (he denies that he was under the influence of liquor, but I am under the impression that he was to some extent, at least; I cannot conceive of the man committing the assault that he did if he had not been, to some extent, under the influence of liquor), it may be taken into consideration in fixing the sentence. There is no doubt but that respondent was laboring under a great mental strain. Proceedings had been taken in this court which had the effect of completely wiping out his business, an unprecedented proceeding. His whole business, his whole livelihood was being, by the act of this court as he thought arbitrarily, taken away from him. I have also taken into consideration the fact that he has two children, I think, who would suffer if he were sent to jail, and the fact that this is the first case in which it has been held that an offence of this nature is a contempt. It has been generally assumed that before an act of this nature can constitute a contempt, the assault and battery must have been actually committed upon one who is a witness. I hold otherwise. Under all the circumstances, I will sentence respondent to pay a fine to the State of New Jersey in the sum of $150, and the costs of this proceeding, including a counsel fee to counsel for the application under the authority of the case of *Hilton* v. *Hilton, 89 N. J. Eq. 422.*

I will allow counsel fee of $100. Respondent will be committed to the common jail of the county of Essex until he shall have paid the fine and costs. I will withhold the warrant for a reasonable length of time in order that the costs may be taxed.