EX PARTE DUKES.

Opinion delivered September 25, 1922.

DIVORCE—EVASION OF AWARD OF ALIMONY—CONTEMPT.—Where a husband, on being granted a divorce, consented to a decree for alimony, and was able to comply therewith, but sought to evade payment and feloniously caused the order to be canceled and satisfied, it was not error to punish him for contempt.

Certiorari to Chicot Chancery Court; *E. G. Hammock*, Chancellor; affirmed.

*W. A. Singfield,* for petitioner.

SMITH, J. This cause grew out of a divorce proceeding, in which the petitioner Dukes was granted a divorce from his wife, Willie Dukes, and by consent of parties the wife was awarded as alimony an estate for life in a certain lot in the city of Dermott and an allowance of $2,000, of which $200 was payable in cash and the balance payable at the rate of $35 per month. The petitioner made one payment and defaulted, and, when cited for contempt in failing and refusing to pay the alimony monthly as required by the decree of the court, filed a response in which he set up the following facts:

That, after obtaining his divorce, he discovered the fact to be that Willie Dukes had a living husband, and she did not obtain a divorce from this first husband until after petitioner had obtained his divorce from her. That she then admitted this imposition had been practiced upon him, although, before their marriage, she had stated that her first husband was dead, and that it was then agreed that the decree for alimony should be canceled, and a power of attorney was prepared, executed and acknowledged, directing the clerk of the chancery court to enter cancellation and satisfaction of that portion of the decree.

In the trial of the cause in the court below a judgment was rendered in which the following finding of fact was made: "In a certain cause heretofore adjudicated by this court, wherein the said Theodore B. Dukes was plain-

tiff, and Willie M. Dukes was defendant, the said contemner, Theodore B. Dukes, did forge the name of the said Willie M. Dukes to a certain power of attorney, and did forge the notarial jurat, signature and seal of one Geo. V. Jones, a notary public, to the said spurious power of attorney, which spurious power of attorney said Theodore B. Dukes did utter and cause to be recorded in the records of Chicot County, Arkansas, and thereafter caused the clerk of this court, under mistaken authority thereunder, to falsely and fraudulently satisfy a judgment and decree rendered and entered by this court as aforesaid. That said contemner, Theodore B. Dukes, did wilfully and contumaciously refuse to obey the orders of said court wherein he was bound and directed by said court to pay certain specific sums of money to the said Willie M. Dukes, and that said conduct was and is a contempt of said court. That said Theodore B. Dukes did wilfully and contumaciously refuse to obey the orders of said court in that he did alienate a certain house and lot adjudged in said decree to the said Willie M. Dukes for life, as shown by the solemn judgment and decree of said court.''

The court, upon this finding of fact, imposed a fine of $500 and a sentence in the county jail for a period of six months; and the petitioner seeks by certiorari to have that order and judgment quashed.

Petitioner testified in his own behalf in support of the allegations of his response to the citation; and he also offered certain testimony in corroboration of his own. He admitted his present ability to comply with the original decree awarding alimony to his wife.

We think the testimony fully supports the finding of the court below. Mrs. Dukes testified that petitioner knew of her prior marriage, and represented to her that he would obtain a divorce for her and that he had, in in fact, done so, and that she relied upon petitioner's assurance that her divorce had been obtained in contracting her marriage with petitioner. Certain correspond-

ence between her and petitioner appears to corroborate her in this statement. She denied that she had signed the power of attorney. The notary public whose name was signed to the certificate of acknowledgment and whose notarial seal was attached thereto testified that he and petitioner occupied the same office, but he denied that he had taken the acknowledgment or attached his seal thereto.

Petitioner obtained his divorce upon the ground of cruel and abusive treatment on the part of his wife, and the decree for alimony was rendered by consent.

Petitioner's prayer that the order adjudging him to be in contempt be quashed must be denied. The original divorce decree was not void; and the award of alimony was rendered by consent of parties, which was an order properly made. *Pryor* v. *Pryor,* 88 Ark. 302.

Here the petitioner has not only sought to evade the order of the court (*Bryan* v. *State,* 99 Ark. 163), but has flaunted it by contumaciously and feloniously causing the order to be canceled and satisfied. Full authority exists for the punishment of such conduct. *Meeks* v. *State,* 80 Ark. 579; *Dodson* v. *Butler,* 101 Ark. 416; *Pitcock* v. *State,* 91 Ark. 527; *Carl Lee* v. *State,* 102 Ark. 122; *Ford* v. *State,* 69 Ark. 550; *In re Barstow,* 54 Ark. 551.

The writ of certiorari is quashed, and the decree appealed from is affirmed.