In re ENRIQUE CASTRO MARTÍNEZ, querellado.

Núm. 7.—*Sometido:* Julio 20, 1937. *Resuelto:* Julio 31, 1937.

·C. Iriarte, F. F,ernández Cuyar y Héctor González Blanes, abogados
del querellado; R. A. Gómez, Fiscal del Tribunal Supremo.

SENTENCIA DEL TRIBUNAL SUPREMO dictada a propuesta de su
JUEZ PRESIDENTE SR. DEL TORO.

Este es un caso de desacato a esta Corte Suprema iniciado
a virtud de querella presentada por su fiscal el doce de julio
en curso. Notificado con copia el querellado, archivó su con-
testación por escrito el veinte de julio, día fijado para la vista.
A ésta compareció el fiscal y el querellado en persona y por
-sus abogados. Se practicó la evidencia ofrecida por el fiscal
y el querellado que se tomó taquigráficamente, se transcribió·
y certificó por el taquígrafo que la tomara y se unió a los
autos en julio 21. En julio 23 el querellado presentó su ale-
gato discutiendo los hechos y la ley y en julio 28 archivó el
suyo el fiscal, quedando así el caso sometido definitivamente
a la consideración y resolución del tribunal.

■■ Son hechos probados que esta corte celebró sesión
·el 21 de junio último oyendo entre otros asuntos una moción
sobre anulación del auto provisional de *injunction* expedido
en auxilio de su jurisdicción en el recurso de apelación Núm.
7550 interpuesto en el caso de *Las Monjas Racing Corpora-
tion* v. *Arandes & Grovas, Fausto E. Arandes y Francisco
Grovas,* sobre *injunction,* procedente de la Corte de ·Distrito
de San Juan;

Que el abogado de los demandados apelantes en la vista
de la indicada moción lo fué el Lic. Juan Valldejuli Rodríguez
·quien en el curso de su informe atacó fuertemente la conducta
seguida por el juez de la corte de distrito en el caso e hizo
insinuaciones sobre el efecto de la intervención del Lic. Ce-

lestino Iriarte como abogado en el mismo. El abogado Sr. Iriarte que asistió como uno de los representantes de la demandante apelada defendió la conducta del juez de distrito en el suyo y contestó las insinuaciones que contra él se hicieron. Ni a virtud de habérsele pedido que lo hiciera ni por su propia iniciativa intervino la corte con los abogados en sus informes;

Que entre las personas que se encontraban presenciando la vista en el sitio del salón de sesiones destinado al público, se encontraba el querellado Enrique Castro Martínez quien oyó el informe del abogado Sr. Valldejuli;

Que dado fin a la vista de la moción, se tomó juramento a un abogado y declarada la sesión terminada cerca ya de las cinco de la tarde, los jueces del tribunal se retiraron a la sala de consultas contigua al salón de sesiones y estando en ella, **transcurridos unos minutos,** compareció el abogado Sr. Valldejuli a comunicarles el hecho de que acababa de ser agredido por el querellado;

Que en efecto el querellado que estaba con otras personas parado al extremo oeste del pasillo del piso del Capitolio Insular en que se encuentra la corte instalada y que separa las oficinas de la secretaría y el márshal del Salón de Sesiones, al ver al abogado Sr. Valldejuli que salía de la oficina del márshal y bajaba unos escalones que hay en el mismo pasillo, se adelantó hacia él y cuando el abogado acababa de pasar la línea de una reja de hierro construída dentro del mismo pasillo que tiene una puerta también de reja de hierro lo acometió y agredió con el puño al propio tiempo que profería contra él palabras injuriosas y le decía que le pegaba para que no hablara mal del Juez Llauger que fué el juez de distrito cuya conducta criticó en su informe el abogado. La agresión fué presenciada y los insultos oídos total o parcialmente por varias personas entre ellas algunos abogados y empleados de la corte, habiendo ésta conferenciado inmediatamente y tomado las medidas necesarias para su investigación.

En tal virtud resulta claro que la agresión se verificó no sólo contra un abogado que acababa de informar ante la corte en un asunto judicial a su defensa encomendado, si que con motivo de su informe y como castigo al mismo, dentro del edificio de la corte y hallándose ésta reunida en su sala de consultas.

El desacato al tribunal es en su consecuencia manifiesto. La perturbación del orden tendente directamente a interrumpir el sereno desenvolvimiento del asunto judicial que se había dejado sometido a la decisión del tribunal y el ataque ilegal y violento a la persona de un funcionario de la corte, dentro o por lo menos en el umbral interior de su propio recinto y con motivo del ejercicio de su ministerio, evidentes son. Y la corte, tanto por ley cuanto por su propia condición de corte, tiene el poder y el deber de castigarlos. Artículo 145 del Código Penal. Artículo 7 del Código de Enjuiciamiento Civil. 13 C.J. 46.

El querellado admite la agresión y el sitio en que la misma se realizara, pero sostiene que habiéndose levantado ya la sesión del tribunal y no habiendo ocurrido los hechos en presencia de la corte, ni al alcance del oído de sus jueces, no existe el desacato. Insiste además en que las manifestaciones que hizo el abogado Sr. Valldejuli en su informe no lo fueron en el cumplimiento de sus deberes y en que el motivo de la agresión no fué el informe sino disgustos anteriores habidos entre él y el abogado.

Admitiendo la existencia de disgustos anteriores, bien lejanos en verdad, según la propia evidencia del querellado, dado lo claro y patente que surge a nuestro juicio de la prueba del fiscal y de la misma del querellado que la agresión fué el resultado inmediato del informe, los disgustos anteriores tienden a explicar mejor la conducta del querellado. Su ánimo era campo abonado para actuar en la forma en que lo hizo.

En cuanto a que el abogado en su informe olvidó su ministerio en tal forma que sus manifestaciones deben conside-

rarse como fuera de las que podían hacerse dentro del estricto cumplimiento del deber, bastará decir que para impartir justicia es que precisamente existen los tribunales y que si el abogado faltó debió recurrirse al tribunal para que censurara o penara su conducta, y no lanzarse a tomar la justicia por su mano. Proceder de tal suerte es perturbar el orden social en sus más firmes cimientos.

Y en cuanto a que la sesión de la corte había ya terminado y a que la agresión tuvo lugar fuera de la reja que marca la exacta entrada de la corte, sin que ésta la presenciara, ni oyera las palabras que pronunció el querellado, bastará decir que apreciadas en conjunto todas las circunstancias concurrentes surge de ellas inevitable la conclusión de la comisión del desacato que sabido es que puede ser directo o constructivo. 13 C.J. 5.

Contiene el alegato del fiscal cita de numerosas decisiones de las cortes del continente que sostienen vigorosamente su acusación y las conclusiones a que ha llegado esta corte en este caso concreto en cuanto a la existencia del desacato y a la necesidad de su castigo. A dos de ellas solamente nos referiremos, a saber: *U. S.* v. *Barrett,* 187 Fed. 378 y *Ex parte* McLeod, 120 Fed. 130.

En la primera el Juez Speer que presidía la corte contra la cual se cometió el desacato con motivo de la agresión a un abogado que acababa de informar ante ella, se expresó así:

"Hablo con franqueza al decir 'he sido verdaderamente sorprendido con este incidente.' Nuestras cortes en este distrito han sido por tantos años conducidas con tal decencia y decoro que los sucesos de ayer fueron verdaderamente anormales y excesivamente anonadantes al juez que preside. Reflexionando sobre el asunto, los abogados y el público en general han de comprender cuán cierto y justificable es tal estado de ánimo en la mente de un juez ansioso de cumplir con su deber; y ésa es la emoción que yo requiero para mí.

"Es un privilegio constitucional de las partes el estar asistidas por letrados. En un caso criminal ninguna persona puede ser convicta sin tener el beneficio de un abogado. Ella no puede, por tanto,

ser declarada culpable a la luz de la Constitución hasta que tenga el beneficio de un letrado. Tiene igual derecho constitucional al beneficio de un abogado en un caso civil aunque si no expresamente, por lo menos por implicación. Es un derecho que nos legaron desde tiempo inmemorial. Es un derecho que ha hecho surgir la noble profesión de la ley y si bien existen aquéllos que por motivo de resentimiento temporal o por alguna otra razón, en ocasiones impugnan los beneficios de la profesión, si examinamos las salas del Congreso, las listas de los militares y los registros que contienen el progreso de nuestro país en todos sus aspectos, se verá de manera clara que la profesión legal no ha sido sobrepasada por ninguna otra en su devoción a los mejores intereses de la civilización. Ahora bien, siendo todo esto cierto, la profesión de abogado no debe ser interrumpida por la violencia. El abogado tiene el derecho de argumentar el caso de su cliente. Si viola las reglas de la corte y a ésta se llama la atención sobre el hecho, dicho abogado será inmediatamente reprendido. Si es culpable de difamación, las cortes están abiertas, mediante el debido proceso legal, a las partes difamadas a fin de obtener un remedio adecuado y no habrá nunca dificultad en mantener la ley en tales casos. No está dentro del poder de las partes en un litigio el tomarse la ley en sus propias manos y acometer y agredir a los abogados cuando se han sentido ofendidas o se imaginan que lo han sido. El abogado en cualquier caso es un ministro de la justicia. Es el consejero de la Corte. Sin su ayuda ella no puede cumplir sus funciones. ¿Podrá ser posible entonces, siendo esto así en nuestro país, que la corte pueda mirar como una cosa trivial y sin importancia un acometimiento y agresión injustificado contra un abogado que ha cumplido con su deber, como él realmente lo entendió, en relación con cualquier controversia que necesariamente envuelva la cuestión de veracidad entre los litigantes o negar a dicho abogado el derecho en general que tiene a insistir en que su cliente dijo la verdad y que la parte contraria no la dijo? Esto sería negar al demandante su día en corte y, por tanto, negarle el debido proceso de ley. Si un abogado comete una ofensa o si la parte creyó que él la había ofendido, el remedio adecuado no es el recurrir a la violencia, sino apelar a las leyes del país." *U. S.* v. *Barrett, et al.,* 187 Fed. 378, 380.

Y en la segunda el Juez Jones que presidía la corte que se consideró desacatada por virtud de la agresión al Comi-

sionado Randolph con motivo del ejercicio de sus funciones como tal fuera de la presencia de la corte, dijo:

"Como las cortes sólo pueden ejercer sus funciones judiciales a través de sus oficiales y funcionarios, cualquier ataque a un oficial o funcionario de ella por haber desempeñado alguno de sus deberes, es un ataque a la corte por lo que tal funcionario ha hecho o llevado a cabo en la administración de justicia.

"Es cuestión vital al bienestar de la sociedad que las cortes, cuya función es determinar sobre la vida, libertad y propiedad de los ciudadanos, estén libres para ejercer sus funciones y que por ende estén libres también de todo temor o violencia; y una alta consideración y respeto por el bien de la comunidad exige que las cortes protejan a sus funcionarios y oficiales contra venganzas ocasionadas por razón de haber dichos funcionarios desempeñado algún deber ante ellas, lo mismo que contra violencias mientras dichos funcionarios estén desempeñando tales deberes.

"Es un flagrante desacato a una corte el tratar de castigar a uno de sus oficiales por cumplir sus deberes oficiales y tratar de realizar esos actos en cualquier sitio que no sea los tribunales constituídos y la ofensa culmina en un grave delito contra la corte misma cuando sus funcionarios son atacados por actos judiciales por una persona que ha sido llevada ante ella.

"Un ataque a un Comisionado de los Estados Unidos por haber éste cumplido en el pasado con sus deberes es un desacato a la autoridad de la corte, de la cual es éste un funcionario, en la administración de las leyes penales, aunque no estuviera pendiente ningún procedimiento contra el ofensor ni estuviera el Comisionado en el momento de la agresión en el desempeño de sus deberes.

"Se ha usado como argumento que castigar por desacato un acometimiento y agresión contra un funcionario de la corte por deberes anteriormente cumplidos por el funcionario resulta inconsistente con el espíritu de nuestras instituciones; que tal agresión no es otra cosa que un ataque a una persona particular y solamente debe ser tratado como tal; que el castigo de acuerdo con las facultades y el poder de la corte impuesto por tal ofensa inviste a la persona del juez de privilegios contrarios al espíritu de igualdad entre los ciudadanos garantizados por nuestro gobierno y que está, por tanto, fuera del poder de las cortes en este país el considerar un ataque a un funcionario de la corte, no importa cuál sea el motivo, cuando el funcionario no está de hecho ocupado en el desempeño de sus deberes, como

desacato a la corte. Las necesidades del gobierno requieren en muchos casos que se establezca una diferencia entre servidores públicos y ciudadanos particulares. Por ejemplo, redunda en bien general que un representante no sea interrogado fuera del recinto del cual es un miembro sobre palabras expresadas en un debate. Tal privilegio es prerrogativa de todo el pueblo, y solamente puede hacerse efectivo dando protección al individuo que representa a dicho pueblo, aún cuando tal protección no le sería concedida bajo las mismas circunstancias de estar actuando en su capacidad particular. Así sucede con muchos privilegios estatutarios y constitucionales creados para bien del público y no para beneficio de los individuos que desempeñan puestos oficiales. Un ataque a un funcionario judicial cuando dicho ataque surge con motivo o como consecuencia del desempeño de sus deberes oficiales, difiere necesariamente de un ataque a una persona particular en relación con un asunto privado. Las consecuencias para la sociedad no son las mismas. En el primer caso, la agresión afecta la administración de justicia. En el segundo caso, no. El motivo de la agresión bajo cualquier sistema de gobierno determina la gravedad del delito. Un ataque a un juez en relación con cualquier asunto ajeno a sus deberes oficiales, no concierne en absoluto a la corte toda vez que no afecta la administración de justicia y por tanto, no difiere en manera alguna en su aspecto legal por lo menos de un ataque a cualquier otra persona. Sería una clara usurpación de la autoridad de la corte al tratar de utilizar su facultad de castigar por desacato al sentenciar a una persona por un acto que en manera alguna tiene que ver con la administración de justicia. El caso que nos ocupa surge de un ataque cometido contra un funcionario judicial por haber desempeñado sus deberes en el pasado— cosa que afecta seriamente la administración de justicia. El justificar el castigo en tal caso, como desacato, puede hallarse en la consideración de que el agredir a un funcionario judicial por tal motivo ataca la gran prerrogativa del pueblo a hacer cumplir sin temor alguno la administración de justicia.'' *Ex Parte McLeod*, 120 Fed. 130.

En tal virtud, *se declara a Enrique Castro Martínez culpable de desacato al tribunal y se le condena a sufrir quince días de prisión en la Cárcel del Distrito de San Juan situada en esta ciudad de San Juan y a pagar cincuenta dólares de multa y las costas, debiendo cumplir un día de cárcel por cada dólar de multa que dejare de satisfacer sin que la prisión subsidiaria pueda exceder en todo caso de quince días, librándose*

*mandamiento para la ejecución de esta sentencia de acuerdo con la ley.*

Así lo pronunció y manda el tribunal y firma el Sr. Juez Presidente. El Juez Asociado Señor Córdova Dávila no intervino. El Juez Asociado Señor Wolf está conforme con el resultado.