JAMES *v.* JAMES.

5-3193                                    375 S. W. 2d 793

Opinion delivered March 2, 1964.

*Spencer & Spencer,* for appellant.

*Brown, Compton & Prewett,* for appellee.

FRANK HOLT, Associate Justice. This appeal arises from the imposition of a fine and jail sentence for violation of a restraining order.

The appellee was granted a divorce from appellant in January, 1960. She was awarded custody of their four minor children with appellant having certain visitation rights. In August, 1960, in another proceeding, the appellee and appellant settled their property rights and she was given exclusive use and occupancy of the homestead. A temporary restraining order was dissolved, leaving the appellant free to visit his children in appellee's home. In January, 1963, the Chancellor granted appellee's petition for a temporary restraining order, later made permanent, which enjoined the appellant from molesting the appellee in any manner in her use and occupancy of the homestead and, in particular, enjoined the appellant from (1) going into or about the home or premises, (2) removing, mutilating or destroying any of the furniture, (3) calling appellee on the telephone, (4) writing letters or notes to appellee, and (5) attempting to contact or communicate with her in any way. Shortly thereafter, the appellant entered a local beauty shop where appellee was seated as a customer and without any warning or provocation he struck her with his fist, breaking the cartilage in her nose causing profuse bleeding and requiring medical attention. He, also, made verbal threats of future harm. Appellant was convicted of assault and

battery in a criminal proceeding. On that same day the Chancellor held him in contempt for violating the restraining order, assessing a jail sentence of 180 days and a fine of $1,000.00, suspending the jail sentence and $800.00 of the fine.

On appeal the appellant contends for reversal that assault and battery is a criminal offense which the Chancellor did not have jurisdiction to enjoin and did not enjoin. We do not agree. In *Pace* v. *State,* 177 Ark. 512, 7 S. W. 2d 29, we quoted with approval:

"The power to punish for contempt is inherent in all courts; its existence is essential to the preservation of .order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice."

The fact that an act enjoined also happens to be a criminal offense does not affect the power of a court of equity to enforce its order and the criminal aspects of an act neither give nor oust equity of jurisdiction. *Meyer* v. *Seifert,* 216 Ark. 293, 225 S. W. 2d 4; *Hickinbotham* v. *Corder,* 227 Ark. 713, 301 S. W. 2d 30. If it should be held that the imposition of a criminal penalty for violation of a law would deprive a court of equity of jurisdiction to enforce its orders then a person desiring to proceed or continue in violation of the law might be able to pay a maximum fine and, thus, make himself immune from a valid chancery court injunction. This is not and should not be the law. *Van Hovenberg* v. *Holman,* 201 Ark. 370, 144 S. W. 2d 718. In the case at bar the guilt or innocence of the appellant in the criminal court in no manner affected the jurisdiction of the chancery court to enforce its restraining order.

The appellant next argues that the punishment is excessive. We disagree. In addition to physically attacking the appellee, the appellant violated the court's restraining order in other particulars including calling her on the telephone and using threatening and abusive language. The court suspended the jail sentence and $800.00 of the $1,000.00 fine. The suspension of this

much of appellant's punishment is, in effect, a complete remission of that part of the punishment and is not subject to revocation. *Songer* v. *State,* 236 Ark. 20, 364 S. W. 2d 155; *Harrison* v. *Terry Dairy Products Co.,* 225 Ark. 953, 287 S. W. 2d 473; *Stewart* v. *State,* 221 Ark. 496, 254 S. W. 2d 55. Therefore, the net effect of appellant's punishment is the payment of a $200.00 fine which most certainly is not excessive under the facts in the case at bar. *Ex Parte, Dukes,* 155 Ark. 24, 243 S. W. 863; *Hickinbotham* v. *Williams,* 228 Ark. 46, 305 S. W. 2d 841.

The appellant also contends that the court erred in depriving him of all rights to visit or communicate with his children. We find no merit in this contention. The Chancellor's decree reads, in pertinent part:

"Further, that the rights of visitation with his children, heretofore granted to the defendant, be limited to such visitation as the children and the defendant may voluntarily agree upon. The defendant is not to go to the home of the plaintiff nor on or about the premises of the plaintiff's home in the exercise of the right of visitation to see the children."

The appellant insists that he have visitation rights with his children, ages 11, 12, 14 and 16, at the home of the appellee. Appellee has no objection to the right of appellant to see and be with his children other than in her home since, she contends, their difficulties stem from his presence there. We think the Chancellor's order respecting visitation with his children was proper. Of course, the appellant is not precluded from applying to the Chancellor for a modification of the decree if he feels it is not sufficiently specific with reference to his visitation rights elsewhere.

Affirmed.