Brenda K. Merritt HIGGINS *v.*
Robert D. MERRITT, Jr.

79-283                           598 S.W. 2d 418
Supreme Court of Arkansas
Opinion delivered May 19, 1980

*Edgar R. Thompson* and *Rubey E. Hurley*, for appellant.

*Ralph M. Cloar*, for appellee.

GEORGE ROSE SMITH, Justice. This is a child custody case. When the divorce was granted in December, 1974, the court awarded custody of the couple's 18-month-old daughter Tonya to the mother, "subject to reasonable visitation rights" of the father. That somewhat vague language was made specific in April, 1976, when the father's periods of visitation were fixed as beginning at 3:30 on Friday and ending at 3:30 on Sunday on alternate weekends, "unless Tonya Lynn is ill." Nevertheless, controversies over visitation continued, with the mother being cited three times for contempt of court.

Eventually, in response to the father's petition for a change of custody, the chancellor conducted an extensive hearing in August, 1979. The ensuing order first found the

mother to be in contempt and sentenced her to two days in jail, with the sentence being suspended. The order then vested custody in the father for the coming nine-month school year, with custody in the mother for the three-month summer vacation. It was further decreed that the Arkansas Social Services monitor the situation during the next year and report to the chancellor, who will review the case in August of 1980. This appeal is from that order. There are essentially two contentions for reversal.

It is first argued that on the proof the chancellor erred in finding the appellant to be in contempt. We do not reach the merits of this argument, because an attempt to suspend the execution of a sentence for contempt of court, other than a mere postponement, is invalid and amounts to a complete remission of the punishment. *Johnson* v. *Johnson*, 243 Ark. 656, 421 S.W. 2d 605 (1967); *James* v. *James*, 237 Ark. 764, 375 S.W. 2d 793 (1964). The point being moot, the decree is accordingly modified to set aside the sentence for contempt.

Second, it is argued that conditions have not sufficiently changed since the divorce to warrant a transfer of custody. Such a transfer, however, may be ordered on the basis of material facts affecting the welfare of the child that were not known to the court when the first order was made. *Roberts* v. *Roberts*, 216 Ark. 453, 226 S.W. 2d 579 (1950).

Here most of the facts developed at the hearing below could not have been known when the original decree was entered. The mother repeatedly refused to permit visitation, for inadequate reasons such as the father's failure to pay medical bills or a questionable illness of the child. A doctor testified that the mother had brought the child in for medical treatment unnecessarily and had engaged in "doctor shopping." He thought that the mother's excessive concern about the child's health might have a bad psychological effect on the child, causing her to have somatic complaints about every frustration that comes along. The father testified that the child's medical bills were about $50 a year previously, but the bills averaged $500 a year while the mother had custody. There are indications that the mother has sought to turn the child against the father. The father had been an alcoholic and

of a violent disposition, but he had not had a drink for more than a year before the hearing below. The mother seems to have exaggerated the importance of an incident that occurred between Tonya and her step-brother, using it as an excuse for denying the father's visitation rights. A social worker, on the basis of her investigation, recommended that custody be given to the father.

We have frequently noted that there is no case in which the chancellor's opportunity to observe the parties carries greater weight than in child custody matters. *Jones* v. *Strauser*, 266 Ark. 441, 585 S.W. 2d 931 (1979). Here the father has had the custody of Tonya since last August. His nine months of custody will end about the time this appeal is decided, with the custody then passing to the mother for three months. Thus a reversal at this moment would have little immediate practical effect. The whole question is being investigated and will be reviewed by the chancellor in August. In the circumstances we are unwilling to set aside the chancellor's efforts and in effect permit the whole chain of events to start anew.

Modified and affirmed.

HICKMAN, J., not participating.