Reynaldo MEEKINS *v.* STATE of Arkansas

CA CR 90-81                                    806 S.W.2d 9

Court of Appeals of Arkansas
En Banc
Opinion delivered March 20, 1991
[Supplemental Opinion on Denial of Rehearing April 10, 1991.]

*Darrell F. Brown & Associates*, by: *David O. Bowden*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Reynaldo Meekins appeals from his conviction of delivery of a controlled substance for which he was sentenced as a habitual offender to twenty years in the Arkansas Department of Correction. He contends that the trial court erred in refusing to grant a continuance and that he was denied effective assistance of counsel. We affirm.

Prior to trial, the prosecuting attorney advised the trial court that it had been brought to his attention that appellant possibly was intoxicated. The prosecutor stated that a breathalyzer test had just been conducted by two police officers and that appellant had registered .19 percent blood alcohol. The prosecutor indicated that he would object to a continuance because, based on his observations of appellant and appellant's conversations with the officers, appellant appeared to be coherent and able to assist attorney in his defense.

Appellant's counsel moved for a continuance, stating that since appellant registered .19 on the breathalyzer test, he was unable to help pick a jury or go through the rigors of a trial. Counsel admitted, however, that he had not spoken to appellant since the night before and "I fully defer to the [prosecuting attorney] and the police officers, if they say he can respond effectively, I'll go with that. But, I personally have no knowledge as to whether he can talk to me or aid me this morning."

The trial judge then called the two officers to the bench and they testified as follows:

> MR. VINES: Yes, sir, he run .19 percent on the breathalyzer. I've asked him his name and his address and his date of birth and he has responded to the four questions. He tells me he's fine and whatever, and he you know, and I asked him to bring — up here and let the Judge ask his name and address and date of birth, and he's give it probably right back to you. He has so far. His rights was read and he understood and did sign his rights for his breathalyzer at the City Police Department.

> [PROSECUTING ATTORNEY]: I'll ask Mr. Porter the same questions. Sir, were you involved in transportation of Mr. Meekins to and from the City for the breathalyzer test?

> MR. PORTER: Yes, sir, we gave him a breathalyzer. The lady hooked the breathalyzer up. She asked him the questions — name, address, how old he was, his date of birth, and he answered her fine. Didn't have any problem. *He acted coherently and knew what was going on.* Matter of fact wanted — there was a detective came in, he talked to him about that he'd remembered seeing him, his name on the subpoena list and all that stuff. *He knows what's going on. He's not out of it. He knows what's going on.*

In light of the officers' testimony, the court denied appellant's request for a continuance, finding that appellant was able to understand the proceedings. The court stated that "if at such time that the Court is convinced that the defendant is unable to understand the proceedings then the Court will take an appropriate action at that time."

■ Appellant contends that the trial court erred in refusing to grant a continuance, arguing that his sixth amendment rights were violated when he was forced to trial in an intoxicated condition. We agree that a person who is so intoxicated as to be unable to understand the proceedings or effectively participate in his defense ought not to be tried until that incapacity has been removed. *See Taffe v. State*, 23 Ark. 36 (1861); Ark. Code Ann. § 5-2-302 (1987). However, we cannot conclude from our review of the record that appellant was in such a condition.

■ The record reflects that the prosecuting attorney stated, when he first entered the courtroom, that he observed appellant reading a newspaper. Both police officers, who had closely observed appellant, opined that he was not incapacitated, but was coherent and in control of his faculties. Although appellant's counsel initially denied any knowledge of appellant's condition, he failed to renew his motion at any time during the trial, after he had full opportunity to observe and confer with his client.

The record also reflects that, after the State had offered its proof, appellant's counsel announced that, although he had advised appellant that it would not be in his best interest for him to take the witness stand in his own behalf, appellant refused to accept his counsel's advise. The court then questioned appellant to make sure that he knew of his right to remain silent, and appellant insisted that he wished to exercise his right to testify. From our review of the record, we find that appellant's testimony was clear, precise, and candid and that there was nothing to indicate that he was unable to assist in his own defense. Appellant has not pointed out to us, and we have been unable to find, anything in the record indicating action on the part of appellant that would require the trial court to continue the case or declare a mistrial.

■ We find no merit in appellant's argument that, because his blood alcohol level exceeded .10, we must conclude, based on Ark. Code Ann. § 5-65-103 (1987), that he was too intoxicated to stand trial. That section provides that it is unlawful for any person to operate a motor vehicle if his blood alcohol level is .10 percent or more. It does not declare or imply that a person in such condition is incompetent for any other purposes.

■ Nor do we find merit in appellant's argument that the

trial court should not have relied entirely on the testimony of the police officers and should have interrogated appellant in person. The trial court did conduct a hearing to determine whether appellant was competent to participate in the trial, interrogating those persons who purportedly had knowledge of appellant's condition and to whose judgment appellant's counsel deferred. Furthermore, the trial court had full opportunity to see and observe appellant throughout the trial. Whether to grant a continuance is within the sound discretion of the trial court and we will not reverse unless there has been an abuse of that discretion. *Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987). From our review of the record, we cannot conclude, under the circumstances of this case, that the trial court abused its discretion in refusing to grant a continuance.

■ Appellant also contends that he was denied effective assistance of counsel. We do not address that issue because it was not properly preserved for appeal by motion for a new trial on that ground. Ark. R. Crim. P. 36.4.

Affirmed.

ROGERS, J., dissents.

JUDITH ROGERS, Judge, dissenting. I respectfully dissent for two reasons. First, I depart with the majority's view that the record does not reflect that the appellant was so intoxicated that he was unable to stand trial. The appellant had registered .19 on a breathalyzer test just before the trial, which is an objective indication of appellant's intoxicated condition. Despite the officer's testimony, the fact that they were even prompted to test the appellant is particularly revealing on this question. I also cannot agree with the characterization of appellant's testimony as being "clear, precise and candid." In my view, his testimony reflects a high degree of confusion, and is replete with instances of contradiction, beyond that normally displayed by a defendant on trial and when subjected to the rigors of cross-examination. On the whole, his testimony was damaging to his defense, in which appellant claimed that the undercover officer had mistaken him for someone else. In this regard, the credibility of the appellant as opposed to that of the officer was crucial. While the majority does not deny that appellant was intoxicated, I believe the record objectively demonstrates that he was so impaired as to be unable

to fully understand the proceedings of or effectively participate in his defense, and that ultimately he was prejudiced by having to go forward with the trial. I cannot improve upon the eloquence of the supreme court in *Taffe* v. *State*, 23 Ark. 36 (1861), wherein it stated:

> If the intoxication of a juror be sufficient cause for discharging a jury: If a court, upon discovering the intoxication of a material witness, should adjourn it till the witness becomes sober, or if necessary, defer the trial a term, certainly the intoxication of a defendant on trial for his liberty should be deferred by the court, upon discovery of the fact during the trial; or if not brought to its notice till a verdict was rendered, that should be set aside.

*Id.* at 38. (citations omitted.)

Secondly, rather than relying on the subjective impressions of the police officers who testified, I believe that the better course for the trial court, when confronted with this question, would be to examine the defendant personally in order to evaluate his fitness to stand trial. To await the progress of trial for decision on this matter, without first addressing the defendant, is akin to putting the cart before the horse, so to speak. In sum, I believe that the trial court should have granted appellant's motion for a continuance, and that this cause should be reversed and remanded for a new trial.

SUPPLEMENTAL OPINION ON DENIAL ON REHEARING
APRIL 10, 1991

*Darrell F. Brown and Assoc.*, by: *David O. Bowden*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant has filed this petition for rehearing contending that our original opinion is flawed. He argues that we erred in holding that he had failed to preserve the issue of ineffective assistance of counsel since, he argues, "the record is devoid of any proceeding on the record indicating that the personal advisment [sic] of the appellant as to his right to allege ineffective assistance of counsel was ever carried out by the trial court." *See* Ark. R. Crim. P. 36.4. We deny the petition.

Initially, we note that appellant failed to raise any such alleged failure by the trial court in either his original brief or his reply brief, despite the State's contention in its brief that he had failed to preserve the issue of ineffective assistance.

In any event, we find that the record does show that appellant was informed of his rights under Rule 36.4. That rule requires that the admonition as to ineffective assistance of counsel be given at the time sentence is imposed. Here, the record furnished us ends with the reading of the jury's verdict. It does not contain a transcript of appellant's formal sentencing by the court. However, the judgment and commitment order recites that appellant appeared before the court personally and through his attorney and was informed of both his right to appeal and his right to assert ineffective assistance of counsel. Under these circumstances, in the absence of something in the record showing the contrary, it will be presumed that the court did its duty according to the rule and as recited in the order. *See Coleman* v. *State*, 257 Ark. 538, 518 S.W.2d 487 (1975).