Richard BURRADELL *v.* STATE of Arkansas

CR 96-602                                    931 S.W.2d 100

Supreme Court of Arkansas
Opinion delivered October 7, 1996

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

BRADLEY D. JESSON, Chief Justice. The issue in this case is whether we will prevent a trial judge from exercising his or her contempt authority when a defendant appears in court under the influence of alcohol. The appellant, Richard Burradell, appeared in Rogers Municipal Court for a plea hearing. He had been drinking to such an extent that he smelled of alcohol and registered .13 on a portable breathalyzer test. Municipal Judge R. Douglas Schrantz cited Burradell for contempt and sentenced him to two days in jail. Burradell appealed to Benton County Circuit Court and, after a *de novo* bench trial, was again adjudged guilty of contempt. We affirm, and hold that it was within the inherent authority of the municipal judge to punish Burradell for contempt.

The facts, in greater detail, are as follows. On March 3, 1995, Burradell appeared in Rogers Municipal Court for a pretrial hearing. He had been charged with DWI 1. The purpose of his appearance was to enter a guilty plea, pursuant to an agreement with the prosecutor. Before entering the courtroom, Burradell was "screened" by a representative of the Ozark Guidance Center.[1] The representative noticed that Burradell smelled of alcohol. A police officer was summoned to administer a portable breathalyzer test and Burradell registered a .13 blood alcohol level. Burradell's attorney

---

[1] Apparently this screening is customary in Rogers Municipal Court when DWI defendants are to appear before the judge. The record does not reveal what form this screening takes. It seems the defendants are, at least, closely observed.

learned what had transpired and he informed Judge Schrantz. The judge summarily found Burradell in contempt and sentenced him to two days in jail.

The contempt finding was appealed to circuit court. Burradell contended that, in the absence of any disruptive behavior on his part, he could not be held in contempt for simply appearing in court under the influence of alcohol. The State conceded that, other than smelling of alcohol and registering a .13 on the breath test, Burradell displayed no outward signs of intoxication. After a hearing, the circuit judge found that Burradell's condition displayed a lack of regard for the court, eroded the solemnity of the proceedings, potentially impaired the proceedings, and demonstrated disrespect. Burradell was found guilty of contempt and sentenced to twelve hours time served. This appeal followed.

First, we address Burradell's argument that the municipal court had no power under Ark. Code Ann. § 16-10-108(a) (Repl. 1994) to hold him in contempt. That statute reads as follows:

> Every court of record shall have the power to punish, as for criminal contempt, persons guilty of the following acts, and no others:
>
> (1) Disorderly, contemptuous, or insolent behavior committed during the court's sitting, in its immediate view and presence, and directly tending to interrupt its proceedings or to impair the respect due to its authority;
>
> (2) Any breach of the peace, noise, or disturbance directly tending to interrupt its proceedings;
>
> (3) Willful disobedience of any process or order lawfully issued or made by it;
>
> (4) Resistance, willfully offered, by any person to the lawful order or process of the court; and
>
> (5) The contumacious and unlawful refusal of any person to be sworn as a witness and, when so sworn, a similar refusal to answer any legal and proper interrogatory.

Burradell claims that the Rogers Municipal Court is not a "court of record" as required by the statute. That argument is presented for the first time on appeal, so we will not consider it. *See Oliver* v. *State*, 322 Ark. 8, 907 S.W.2d 706 (1995). He also

contends that his behavior did not fall within any of the five categories listed in § 16-10-108(a). It is not necessary for us to address that contention. A court has inherent power to punish contemptuous behavior committed in its presence, without regard to the restrictions imposed by § 16-10-108(a). Summary punishment for contempt committed in the presence of the court is an inherent power reserved to the judiciary, and cannot be abridged by legislation. *See Hodges* v. *Gray*, 321 Ark. 7, 901 S.W.2d 1 (1995).

The power to punish for contempt is inherent in all courts. Its existence is essential to the preservation of order in judicial proceedings. *James* v. *James*, 237 Ark. 764, 375 S.W.2d 793 (1964). It is inevitable that, if a defendant is allowed to appear at a court proceeding in a state of intoxication, the authority and dignity of the court will suffer. Such behavior is, standing alone, a mark of disrespect to the court and the legal process.

An act is contemptuous if it interferes with the order of the court's business or proceedings or reflects upon the court's integrity. *Witherspoon* v. *State*, 322 Ark. 376, 909 S.W.2d 314 (1995). The power of contempt is available to uphold public confidence in the majesty of the law, *Carle* v. *Burnett*, 311 Ark. 477, 845 S.W.2d 7 (1993), and to preserve the power and dignity of the court. *Edwards* v. *Jameson*, 284 Ark. 60, 679 S.W.2d 195 (1984). These interests are offended by a defendant who shows up for a plea hearing under the influence of alcohol. Public confidence in the majesty of the law would be sorely tried were a court to turn a blind eye to a defendant who appeared in court smelling of alcohol and intoxicated to the extent we have in this case. Further, the validity of the proceedings themselves could be called into question by the participation of an intoxicated defendant. Finally, we have recognized that one of the values of a court's exercise of its criminal contempt power is its deterrent effect on others. *Ward* v. *Ward*, 273 Ark. 198, 617 S.W.2d 364 (1981). A contempt citation such as the one issued against Burradell lets others know that such behavior will not be tolerated by the court.

The appellant claims that he intended no disrespect by his actions. His argument is stated best on page twenty-three of his brief:

The worst that the defendant did in the instant case is take a few snorts of booze to calm his nerves before court. This was

bad judgment to say the least, especially in light of the underlying offense of DWI, but it certainly did not amount to a defendant showing contempt or disrespect to the judge or the court.

The appellant cites three Arkansas cases in support of his argument. *Brawley* v. *State*, 306 Ark. 609, 816 S.W.2d 598 (1991); *Kennedy* v. *State*, 255 Ark. 163, 499 S.W.2d 842 (1973); *Meekins* v. *State*, 34 Ark. App. 67, 806 S.W.2d 9 (1991). However, those cases are not applicable because they involve the effect of intoxication on a defendant's competence or the voluntariness of his actions. Likewise, the cases cited by the appellant from other jurisdictions are distinguishable, although they involve similar fact situations. In *Cameron* v. *State*, 102 Md. App. 600, 650 A.2d 1376 (1994), it could not be conclusively determined that the appellant had been under the influence of alcohol while in the court's presence. In *Commonwealth* v. *DiGiacinto*, 324 Pa. Super. 200, 471 A.2d 533 (1984), Pennsylvania law required "misbehavior...obstructing the administration of justice" before a contempt citation could be issued. In *Bethard* v. *District of Columbia*, 650 A.2d 651 (D.C. 1994), a charge of contempt could only be supported by a finding of a willful attempt to show disrespect.

We have empowered our judges with greater authority to preserve and protect the dignity of their courtrooms. This is evidenced by the fact that we have affirmed contempt citations even where the appellants argued that they did not intend by their actions to show contempt or disrespect. In *Ward* v. *Ward, supra,* the appellant was jailed for contempt for refusing to pay child support as ordered. We recognized that his refusal to pay was based on a misunderstanding of the law rather than a contemptuous attitude. Nevertheless, we upheld the contempt citation, although we took the appellant's lack of contemptuous intent into consideration and modified his sentence. In *Garner* v. *Amsler*, 238 Ark. 34, 377 S.W.2d 872 (1964), two attorneys represented to the trial court that the jury was "stacked" against them. When the claim turned out to be groundless, the attorneys were held in contempt of court. We recognized that a sentence for contempt is not intended *primarily* as a means for punishing carelessness or bad judgment, but we did not absolve the appellants of contempt. Instead, we reduced the sentences imposed on them. The *Ward* case and the *Amsler* case embody the principle that criminal contempt is punished to protect

the dignity, integrity, and authority of the courts, regardless of the actor's subjective intent.

Affirmed.

DUDLEY, NEWBERN, and ROAF, JJ., dissent.

ANDREE LAYTON ROAF, Justice, dissenting. I agree with the proposition that a trial court has inherent power to punish contemptuous behavior committed in its presence. However, although this power is broad, it is not without limit. *See, e.g., Morrow* v. *Roberts*, 250 Ark. 822, 467 S.W.2d 393 (1971). Moreover, we have admonished that "[t]he contempt power should never be exercised except where the necessity is plain and unavoidable if the authority of the court is to continue." *Edwards* v. *Jameson*, 284 Ark. 60, 679 S.W.2d 195 (1984).

In this case, the facts are not in dispute. Burradell was punished only because the smell of alcohol on his breath led to the administration of a portable breath test and a reading of a .13 blood-alcohol content. The abstract reflects that he was summarily found in contempt without any further discussion when the municipal judge was advised about the portable breath-test results. It is also undisputed that Burradell displayed no outward signs of intoxication.

Burradell has appealed from his circuit court conviction for contempt after a *de novo* review in which the conditions that led to the original contempt conviction fortunately were not duplicated. The circuit court found that Burradell was "under the influence" rather than intoxicated. However, he expressed concern about the proceedings in municipal court:

> The Court: Now, the one element here that I think that's different, there's one element not involved here that's —and I'm not trying to second guess the [municipal] judge at all. The one element, at least I think, that would — *I've always required*, at least in my own observation of this — and believe me, I've locked up more than one for showing up in court drunk, and will continue to — or under the influence. To me to come in here — I mean, it's one thing to have a drink. It's another thing to have two drinks. But to come in here and blow a thirteen, that's not just a drink or two for dinner. *But there is one element that's lacking here that I usually have, at least in a personal sense have always required, and that is that the*

*Court make some personal observation that would indicate the person's under the influence, and I don't have that with what you all have presented so far.*

Prosecutor: It's because there was none, your Honor. It would be the State's stipulation that other than the blood alcohol and the smell of intoxicants that he displayed no outward signs of being intoxicated.

The Court: Well, as bad as I hate to do it, I think I'll take this under advisement for about two weeks.

(Emphasis added.)

The circuit court also reduced Burradell's sentence from two days to the time he had already served, twelve hours, upon the recommendation of the prosecution. Burradell further had the opportunity to address the court at his *de novo* hearing, a consideration he did not receive in municipal court. He apologized for his conduct, explained to the court that there was no disrespect intended, that he was nervous and afraid of appearing in court, and that he "made the wrong judgment on a sedative." There is an element of truth in this comment, because had he taken Valium or some other medication, or perhaps even used a good mouthwash, he would have been judged as he should have, solely on his conduct "in the presence of the court."

Indeed, this court has previously commented on the importance of the attitude of a person facing a charge of criminal contempt:

> Perhaps there is no case in which the [trial] court's observation of the parties, and their demeanor and conduct, including their manner of speaking and tone of voice, their facial expressions and body movements, can be more important than on a charge of contempt, particularly criminal contempt, *of which attitudes of the alleged contemnor can be such an integral part.*

*Rowell v. State,* 278 Ark. 217, 644 S.W.2d 596 (1983). (Emphasis added.)

Finally, a trial court may punish for contempt committed in its presence without comporting with the due process standards attendant in other criminal contempt proceedings. *See, e.g Fitzhugh* v.

*State*, 296 Ark. 137, 664 S.W.2d 596 (1988). This is all the more reason that the municipal judge should have ensured that the necessity of exercising this considerable power was "plain and unavoidable if the authority of the court is to continue." *Edwards* v. *Johnson, supra.*

I would reverse.

DUDLEY and NEWBERN, JJ., join in this dissent.