BENTON, J.,
with whom ELDER and CLEMENTS, JJ., join, dissenting.
Anselmo M. Rozario appealed to the circuit court from an order entered by a judge of the general district court convicting him of summary contempt and imposing a sentence of ten days in jail. See Code §§ 18.2-456, 18.2-458, and 18.2-459 (authorizing district court judges to punish contempt and providing that such convictions can be appealed to circuit court). Rozario contends the circuit court judge erred in ruling that (1) the district court judge properly relied upon the results of an Alcosensor testing device and (2) the evidence was sufficient to prove an act of contempt. I would hold the district court judge erred in relying on the Alcosensor test results and the evidence was insufficient to prove contempt beyond a reasonable doubt.
I.
I disagree with the majority opinion’s ruling that Rozario invited the error that he now complains of by introducing into evidence in the circuit court the Alcosensor Worksheet, which the district court judge relied upon and put into the district court file when he convicted Rozario of summary contempt.
In the circuit court, the trial judge considered Rozario’s appeal at a trial without a jury. In a fairly perfunctory proceeding, the prosecutor offered as evidence a document styled “Statement of Facts,” which the circuit court judge apparently accepted as “a certificate of the conviction and the particular circumstances of the offense” pursuant to Code § 18.2-459. The document, which was signed by the district court judge, reads in its entirety as follows:
Statement of Facts
On February 7, 2005[,] while holding traffic court, I noticed Mr. Anselmo Rozario when he appeared in front of *148 me with bloodshot eyes and an odor of alcohol about him. I had my deputy test him and the reading was .10. I then gave him ten days in jail for summary contempt of court.
The prosecutor offered no other evidence in his case-in-chief.
In a motion to strike the evidence for insufficiency, Rozario’s attorney argued that nothing in the district court judge’s statement indicates Rozario “did anything to obstruct the court,” that the alcohol test result was inadmissible because it was obtained from an Alcosensor device, that the district court judge had improperly relied upon the test result, and that the evidence failed to establish Rozario obstructed the administration of justice. When Rozario’s attorney made this argument, the circuit court judge had no basis to know from the prosecutor’s evidence the source of the district court judge’s finding because the district court judge’s statement did not disclose the type of “test” he had ordered. The “Statement of Facts” merely recited tersely that the district court judge “had [a] deputy test [Rozario] and the reading was .10.”
Specifically noting that “nothing in this certificate ... says anything [about an Alcosensor],” the circuit court judge observed “it just says ... he took a test and the reading was .10.” The circuit court judge then acknowledged “there’s [a document] in the [district court’s] file, but that’s not in evidence.” After Rozario’s attorney and the prosecutor disagreed about whether another prosecutor had agreed to stipulate as evidence the “Alcosensor IV Worksheet” that was in the district court’s file, the circuit court judge overruled the motion to strike the evidence. Rozario’s attorney then offered as evidence a copy of the “Alcosensor IV Worksheet,” which was in the district court’s file and which the district court judge relied upon in finding “the reading was .10.” Rozario’s attorney offered no other evidence, rested his case, and renewed his motion to strike.
The prosecutor did not dispute that the district court judge had based his recitation of facts upon the result of an Alcosensor test. Although the district court’s file contained the “Alcosensor TV Worksheet,” the prosecutor simply opted not *149 to present it as evidence. When Rozario’s attorney proffered the Alcosensor Worksheet, he expressly argued it was the basis for the district court judge’s finding and said the judge improperly used it at the summary contempt proceeding. In other words, Rozario argued at trial, as he does now, that the district court judge improperly relied upon an Alcosensor test result to determine Rozario’s alcohol level, which was reported in the “Statement of Facts.” Before issuing his ruling, the circuit court judge ordered briefing of the issue. Each party filed a memorandum discussing the propriety of the district court judge’s use of the Alcosensor test results.
‘While the doctrine of invited error remains good law, it simply has no application where, as here, the record shows that a party clearly objected to a specific ruling of the trial court to which error is assigned on appeal----” King v. Commonwealth, 264 Va. 576, 582, 570 S.E.2d 863, 866 (2002) (citing Wright v. Norfolk & W. Ry. Co., 245 Va. 160, 170, 427 S.E.2d 724, 729 (1993)). “In order for a procedural waiver to apply, the record must show that a litigant invited a trial court to commit error, either by failing to object or by agreeing to the ruling.” State Farm Mut. Auto. Ins. Co. v. Kendrick, 254 Va. 206, 208 n. 2, 491 S.E.2d 286, 287 n. 2 (1997). Waiver does not apply, when, as in this case, the circuit court judge was fully aware of the objection. Id. The error to which Rozario objected was the district court judge’s reliance upon an Alcosensor testing device to establish the level of alcohol in Rozario’s body.
As his sole evidence in the circuit court, the prosecutor relied on the district court judge’s “Statement of Facts,” presumably as the certificate of conviction prepared in accordance with Code § 18.2-459.[3] The certificate was deficient, however, because it failed to indicate the basis for the test result. By offering the worksheet as an exhibit, Rozario’s attorney proffered the underlying additional facts concerning *150 “the particular circumstances of the offense,” which were absent from the district court judge’s statement of facts. By-noting the document was in the file but not in evidence, the circuit court judge essentially invited Rozario’s attorney to put the document in evidence to provide proof to support this claim of error. Merely placing in the record a document that constitutes the basis for the judge’s prior ruling does not constitute invited error when the party has made his objection clear. See WJLA-TV v. Levin, 264 Va. 140, 159, 564 S.E.2d 383, 395 (2002) (holding that by “merely proffering or agreeing to an instruction consistent with the trial court’s prior ruling,” a party does not waive its objection to that ruling). Significantly, the Commonwealth did not assert in its initial brief to this Court or at the oral argument before the panel that Rozario has waived the issue. Although the Commonwealth makes this argument for the first time on this rehearing en banc, the Commonwealth acknowledges that Rozario’s attorney argued “before the trial court that the test result should not have been used in the general district court.” Indeed, as indicated above, Rozario’s attorney made this precise argument, causing the circuit court judge to respond that the worksheet, which the district court judge relied upon, had not been placed in evidence.
The “Statement of Facts” prepared by the district court judge expressly recites that the district court judge “had [his] deputy test [Rozario] and the reading was .10.” This establishes that the deputy used a device of some type to test Rozario. Although the general district court’s file contained evidence of the type of device used, the prosecutor was content to leave this evidence unproved and to rely upon the circuit judge’s statutory authority to “hear the case upon the *151 certificate [of conviction].” Code § 18.2-459. By tacitly asserting the “Statement of Facts” was the certificate, the prosecutor proceeded without divulging the details of “the particular circumstances of the offense” as relied upon by the district court judge. Id.
If Rozario’s attorney had not placed the Alcosensor IV Worksheet into the circuit court’s record, this appeal would likely be subject to dismissal for failure to provide this Court with a complete record to decide the claim of error. See LeMond v. McElroy, 239 Va. 515, 521, 391 S.E.2d 309, 312 (1990) (holding that “the responsibility for presenting an adequate appellate record is upon the appellant who seeks reversal of the decision below”); Ferguson v. Commonwealth, 10 Va.App. 189, 194, 390 S.E.2d 782, 785, aff'd in part, rev’d in part on other grounds, 240 Va. ix, 396 S.E.2d 675 (1990) (holding that “an appellant has the primary responsibility of ensuring that a complete record is furnished to an appellate court so that the errors assigned may be decided properly”). In other words, if Rozario’s attorney had not introduced into evidence the Alcosensor IV Worksheet, he would have been precluded from asserting on this appeal that the test result reading of “.10” recited in the district judge’s “Statement of Facts” was the reported result of an Alcosensor device. By placing in the record the factual predicate that underlay the district court judge’s conclusory finding that the “test ... reading was .10,” Rozario’s attorney properly made a record to support the claim that the district court judge relied upon an improper testing device. By offering the worksheet as evidence, Rozario’s attorney merely put before the circuit court judge the particulars of the “circumstances of the offense,” which were omitted from the “Statement of Facts” prepared by the district court judge and were necessary to establish his claim of error. For these reasons, I would hold Rozario is not procedurally barred from raising his questions presented on appeal.
II.
The circuit court judge ruled that the result of the Alcosensor test was properly considered by the district court judge *152 and that the recitations in the “Statement of Facts” were sufficient to prove contempt under Code § 18.2-456.
On brief, Rozario presents the following matters for our consideration in this appeal:
ASSIGNMENT OF ERROR[4]
1. The Circuit Court of Chesterfield County improperly convicted Appellant of summary contempt of court because the evidence introduced by the Commonwealth at trial was legally insufficient to support a conviction pursuant to [Code] § 18.2-456.

QUESTIONS PRESENTED

1. Did Judge Laney, in General District Court, and Judge Gill, in Circuit Court, improperly rely on the results of a chemical test for blood alcohol content in finding that Rozario was intoxicated in Judge Laney’s court on February 7, 2005?
2. In the absence of evidence of the results of the chemical test for blood alcohol content, was the information contained in Judge Laney’s Statement of Facts sufficient to support the Circuit Court’s finding of guilt?
Rozario contends the district court judge and the circuit court judge “improperly relied upon inadmissible and unrelia *153 ble results of an Alcosensor test to find appellant guilty of summary contempt.” In the circuit court, Rozario argued in his brief in support of his motion to strike the evidence that the record contained no “assurances of reliability ... with the preliminary breath test, and this lack of reliability limits [its] use to pre-trial questions addressing the presence or lack of probable cause for an arrest.” On appeal, he also argues “the Commonwealth introduced no evidence that the test given Rozario was reliable” and, thus, the district court judge erred in using the test results to establish the level of alcohol in his body.
In Santen v. Tuthill, 265 Va. 492, 578 S.E.2d 788 (2003), the Supreme Court ruled that the trial judge properly refused to permit proof of the results of “a preliminary breath test ... using a [police] ‘department ... issued ... alcosensor.’ ” Id. at 494, 578 S.E.2d at 789. The Court held that “the numerical result of [the] prehminary breath test was [not] based on an adequate factual foundation,” because there was no evidence the device had been regularly calibrated. Id. at 499, 578 S.E.2d at 792.
As in Santen, nothing in evidence provided information about the reliability of the particular device the deputy used to test Rozario or the validity of the results. Importantly, the record does not reflect the device’s maintenance, the calibration of the device, its maintenance records, or the accuracy of its results. See id. As a matter of fact, the Alcosensor IV Worksheet contains the following items to be completed: “DATE OF LAST ACCURACY CHECK_” and “WAS CHECK WITHIN NORMAL LIMITS__” Neither of these items was completed by the person who administered the device and the designated spaces were empty. Thus, I would hold that the judge improperly relied upon the Alcosensor test results in this case in finding Rozario was in contempt.
III.
Even assuming the district court judge did not err in relying upon the result of the Alcosensor test, I disagree with *154 the majority’s contention that Rozario’s second question presented depends upon him prevailing under the first question and, therefore, is moot. Rozario fairly raised the question of the sufficiency of the evidence independent of the question concerning the use of the Alcosensor test results. Rozario has satisfied the principle that appeals “ought to assign clearly and distinctly all the errors relied on for a reversal of the case, so that the opposite party may know what questions are to be raised in the appellate court.” Orr v. Pennington, 93 Va. 268, 269-70, 24 S.E. 928, 928 (1896); see also Kirby v. Commonwealth, 264 Va. 440, 444-45, 570 S.E.2d 832, 834 (2002) (stating that the purpose of assignments of error is to direct opposing counsel and the court to the issues that the appellant claims as error). The Commonwealth’s understanding of the scope of the second question presented is apparent in its first brief (filed before the panel that considered this case), which addressed the sufficiency issue as an issue independent from that of the Alcosensor test results.
Supposing that the judge erred in relying upon the results of the Alcosensor test, Rozario argues on appeal, as he did in the circuit court, that the evidence was insufficient to prove summary contempt. Fairly understood, Rozario contends the evidence was insufficient in any event because he expressly argues that “even if (the Alcosensor results] were properly admitted, ... there is no evidence in the record ... to sustain a conviction for ... ‘misbehavior in the presence of the Court, or so near thereto as to obstruct or interrupt the administration of justice.’ ” (quoting Code § 18.2-456(1)). Responding, the Commonwealth contends the evidence was sufficient to prove contempt because Rozario’s appearance caused the district court judge “to stop the proceeding for the administration of an Alcosensor test to confirm the presence of alcohol.”
In pertinent part, Code § 18.2-456 provides that “judges may issue attachments for contempt and punish them summarily, only in the cases following: (1) misbehavior in the presence of the Court, or so near thereto as to obstruct or interrupt the administration of justice.... ” (Emphasis added.) Reversing a conviction for summary contempt, the Supreme *155 Court of the United States held that before a judge may invoke “the drastic procedures of the summary contempt power ...[,] there must be an actual obstruction of justice.” In re McConnell, 370 U.S. 230, 234, 82 S.Ct. 1288, 1291, 8 L.Ed.2d 434 (1962); see also Salyer v. Commonwealth, 209 Va. 662, 664, 166 S.E.2d 110, 111 (1969) (holding that the evidence must prove “a clear and present danger to the administration of justice”). Thus, inappropriate or ill-mannered conduct that does not “obstruct or interrupt the administration of justice” is not misbehavior that can be punished. Indeed the Supreme Court has often stated that “[tjrial courts ... must be on guard against confusing offenses to their sensibilities with obstruction to the administration of justice.” See, e.g., Brown v. United States, 356 U.S. 148, 153, 78 S.Ct. 622, 626, 2 L.Ed.2d 589 (1958); In re Little, 404 U.S. 553, 555, 92 S.Ct. 659, 660, 30 L.Ed.2d 708 (1972). Put another way, “[disrespectful conduct is not contemptuous.” United States v. Lowery, 733 F.2d 441, 446 (7th Cir.1984).
Furthermore, the record must contain evidence of the conduct that is the basis for the contempt finding.
The record in such cases must contain more than the bare conclusion that the defendant’s conduct was insolent, insulting, boisterous or the like. The actual facts upon which the court based its final conclusion must be set out. Such conclusions alone will not support a criminal contempt adjudication.
Carter v. Commonwealth, 2 Va.App. 392, 397, 345 S.E.2d 5, 8 (1986) (citation omitted). Because summary contempt “is a proceeding ‘to preserve the power and vindicate the dignity of the court,’ it is criminal and punitive in character, and the guilt of the alleged contemner must be established beyond a reasonable doubt.” Weston v. Commonwealth, 195 Va. 175, 184, 77 S.E.2d 405, 410 (1953) (quoting Local 333B, United Marine Div. of Int’l Longshoremen’s Ass’n v. Commonwealth, 193 Va. 773, 779, 71 S.E.2d 159, 163 (1952)).
Although the evidence was sufficient to prove that Rozario consumed alcohol at some time before appearing in the gener *156 al district court, the evidence must establish an actual obstruction of justice and, thus, must prove more than an odor of alcohol emanating from his body and bloodshot eyes. This evidence proved nothing about Rozario’s conduct, speech, mannerisms, or behavior in the courtroom and was insufficient to prove Rozario obstructed or interrupted justice. Likewise, evidence that Rozario’s alcohol level was “.10” was not, when added to the judge’s observations, proof of intoxication because it did not prove that Rozario had consumed a sufficient amount of alcohol to affect his speech, disposition, manner, movements, or behavior. See Code § 4.1-100 (defining intoxication, for purposes of the Alcoholic Beverage Control Act, as “a condition in which a person has drunk enough alcoholic beverages to observably affect his manner, speech, muscular movement, general appearance or behavior”). Indeed, in the circuit court, the prosecutor “concedefd] the evidence in this case would be insufficient to convict [Rozario] of being drunk in public.” See, e.g., United States v. Brown, 401 F.3d 588, 597 (4th Cir.2005) (noting that the court’s “research has uncovered, and the Government has cited, no published opinion of the Virginia appellate courts finding probable cause for public intoxication based solely on glassy, bloodshot eyes and the strong smell of alcohol”).
The provision of Virginia’s contempt statute which was employed in this case is similar to the Pennsylvania statute at issue in Commonwealth ex rel. Falwell v. Di Giacinto, 324 Pa.Super. 200, 471 A.2d 533 (1984), where the court reversed a criminal contempt conviction under circumstances analogous to this case. When the defendant appeared in court after having consumed four beers and having a strong smell of alcohol, id. at 534-35, the trial judge convicted him of summary contempt for “ ‘misbehavior ... in the presence of the court, thereby obstructing the administration of justice,’ ” id. at 536 (quoting 42 Pa. Cons.Stat. § 4131, renumbered to 42 Pa. Cons.Stat. § 4132). Reversing the conviction, the appeals court held as follows:
[M]erely being under some influence of liquor will not by itself constitute contempt. The drunkenness must be such *157 that it obstructs the administration of justice, which means that it must interfere with or disrupt the orderly process of the court.... The record does not show that defendant’s consumption of alcohol before coming to court in any way caused delay or disruption of the hearing, which would constitute a contumacious obstruction of the administration of justice.
Id. at 587 (citations omitted).
In a similar circumstance, a trial judge in Maryland convicted a defendant of criminal contempt because he had “a strong odor of alcohol” and a .20 reading on a passive breath test. Cameron v. State, 102 Md.App. 600, 650 A.2d 1376, 1378-79 (Ct.Spec.App.1994). Reversing that ruling, the appeals court held that the evidence failed to prove the accused’s “behavior ... was ... contemptuous on its face.” Id. at 1381. The court held that the evidence was insufficient to support the conviction because no evidence proved the accused was “disruptive of the proceeding” or “rebellious, ... insubordinate, ... willfully disobedient or openly disrespectful.” Id. In other words, the defendant’s conduct did not obstruct the court in the discharge of its duties.
These decisions are more persuasive than the decision of the Arkansas Supreme Court which expressly declined to address the appellant’s contention “that his behavior did not fall within any of the five categories listed in [Ark.Code Ann.] § 16-10-108(a),” the Arkansas summary contempt statute. Burradell v. State, 326 Ark. 182, 931 S.W.2d 100, 102 (1996). Upholding the conviction for criminal contempt, the Supreme Court of Arkansas declined to apply its statute and held that Arkansas courts have the inherent power to punish any “behavior[, which], standing alone, [is] a mark of disrespect to the court and the legal process.” Id. at 102. The court found cases from other states “distinguishable, although they involve similar fact situations,” because Arkansas “empowered ... judges with greater authority to preserve and protect the dignity of their courtrooms.” Id. at 103. The court specifically distinguished its power from other jurisdictions where, for example, the “law required ‘misbehavior ... obstructing the administra *158 tion of justice’ before a contempt citation could be issued,” id. (quoting Di Giacinto, 471 A.2d at 536), or “a charge of contempt could only be supported by a willful attempt to show disrespect,” id. (citing Bethard v. District of Columbia, 650 A.2d 651, 653 (D.C.1994)). Unlike Arkansas, our Supreme Court long ago held that our summary contempt statute is a declaration of Virginia’s public policy and that courts must apply the statute in determining whether the behavior at issue is punishable as summary contempt. Weston, 195 Va. at 182-84, 77 S.E.2d at 408-09. See Yoder v. Commonwealth, 107 Va. 823, 57 S.E. 581 (1907) (reversing a conviction for summary contempt where the trial judge failed to adhere to the provisions of the summary contempt statute); see also Holt v. Virginia, 381 U.S. 131, 85 S.Ct. 1375, 14 L.Ed.2d 290 (1965) (reversing a conviction for summary contempt under Code § 18.1-292(1), the predecessor to Code § 18.2-456(1)).
In this case, the judge convicted Rozario of summary contempt under Code § 18.2-456 for “[misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice.” The summary contempt statute undoubtedly authorizes judges to protect against actual obstructions in the courtroom. I would reiterate, however, an observation we made in Carter:
We do not here lose sight of the fact that frequently a reading of the cold record does not accurately portray the actual conduct of the parties, their witnesses or their counsel. For that reason it is of utmost importance that as near as possible the record recites the facts or contains the evidence to support the conclusions of the trial court. See Harvey v. Commonwealth, 209 Va. 433, 436-37, 164 S.E.2d 636, 638 (1968) (showing the need for the record to prove guilt).
2 Va.App. at 399, 345 S.E.2d at 9-10.
The record here discloses no physical impairment attributed to Rozario that delayed, interrupted, or obstructed the court proceeding. The district court judge’s decision to cause a deputy sheriff to test Rozario for alcohol was not based on an *159 interruption of the court proceeding or shown to be caused by anything other than his bloodshot eyes and body odor suggesting consumption of alcohol. The “Statement of Facts” provided no indication of the manner in which Rozario interrupted the proceedings or lacked capacity to rationally respond in the courtroom. Without some indicia of proof of the manner in which Rozario’s conduct was detrimental to the proceeding or obstructed the administration of justice, the evidence was insufficient to prove the elements of contempt.[5] See id. (holding that the record failed to contain facts sufficient to support the conviction for criminal contempt).
V.
For all of these reasons, I would hold the evidence was insufficient to support a conviction for summary contempt. Therefore, I would reverse the conviction and dismiss this prosecution.

. When a defendant appeals to the circuit court from a conviction in the general district court of summary contempt, the following procedure applies:
*150 If such appeal be taken, a certificate of the conviction and the particular circumstances of the offense, together with the recognizance, shall forthwith be transmitted by the sentencing judge to the clerk of such circuit court, who shall immediately deliver the same to the judge thereof. Such judge may hear the case upon the certificate and any legal testimony adduced on either side, and make such order therein as may seem to him proper.
Code § 18.2-459.

. This Court has not always been consistent in differentiating between "questions presented” and “assignments of error.” In numerous appeals, we have recognized and addressed issues presented by "assignments of error.” See, e.g., Black v. Powers, 48 Va.App. 113, 126, 628 S.E.2d 546, 553 (2006); Singson v. Commonwealth, 46 Va.App. 724, 732, 621 S.E.2d 682, 685 (2005); Aldridge v. Commonwealth, 44 Va. App. 618, 637, 606 S.E.2d 539, 548 (2004); Nowlin v. Commonwealth, 40 Va.App. 327, 333 n. 1, 579 S.E.2d 367, 370 n. 1 (2003); Riner v. Commonwealth, 40 Va.App. 440, 452, 579 S.E.2d 671, 677 (2003); Cuffee-Smith v. Commonwealth, 39 Va.App. 476, 479, 574 S.E.2d 294, 295 (2002); Allen v. Commonwealth, 36 Va.App. 334, 337-38, 549 S.E.2d 652, 653 (2001); Jones v. Commonwealth, 32 Va.App. 30, 37, 526 S.E.2d 281, 284 (2000).

. The Commonwealth argues Rozario "caused the court to interrupt the proceedings to determine if the court’s conclusion that Rozario was intoxicated was correct.” (Emphasis added.) This assumes a fact that precisely exposes the evidentiary deficiency in this case. Nothing Rozario said or did caused an interruption. At some time before arriving in court, Rozario consumed alcohol, a lawful substance. The judge's desire to quantify the level of alcohol in Rozario’s body cannot be the basis for the claimed contemptuous behavior when the record failed to prove Rozario, himself, did anything to cause an interruption or delay. See e.g., United States v. Snider, 502 F.2d 645, 658 (4th Cir.1974) (holding that the defendants’ failure to rise from their seats and stand, "accompanied only by such interruption of proceedings as are thought necessary by the district judge to explain the consequences of contempt and cite the alleged contemnor for his actions,” was not “misbehavior” that would support a finding of contempt).